**UNITED STATES of America,**
**Appellee,**

v.

**Maceo BRAAN, aka Teefus,**
**Defendant–Appellant.**\*

No. 14–2667.

United States Court of Appeals, Second Circuit.

June 8, 2015.

---

\* The Clerk of Court is respectfully requested to amend the caption as set forth above.

Mark B. Gombiner, (Colleen P. Cassidy, on the brief), Federal Defenders of New York, Inc., New York, NY, for Appellant.

James P. Loonam, Assistant United States Attorney, (Susan Corkery, Assistant United States Attorney, on the brief), for Kelly T. Currie, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Maceo Braan appeals from the district court's finding of good cause to allow the introduction of otherwise inadmissible hearsay evidence at Braan's violation of supervised release hearing.[1] Revocation proceedings must afford the accused the "minimum requirements of due process." *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). If the Government requests admission of a hearsay statement that does not fall within one of the established hearsay exceptions, Federal Rule of Criminal Procedure 32.1(b)(2)(C) "requires the court to determine whether good cause exists to deny the defendant the opportunity to confront the adverse witness." *United States v. Williams*, 443 F.3d 35, 45 (2d Cir.2006). "In making that determination, the court must balance, on the one hand, the defendant's interest in confronting the declarant[ ] against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Id.*

Here, the court acknowledged that Braan had a strong interest in cross-examining the hearsay declarant. However, the court's finding of good cause is supported by the record as a whole. The hearsay evidence was reliable because it was corroborated by a video that the district court found showed Braan engaging in a cocaine sale, as well as the location of Braan's home, the testifying officer's observation of Braan's tattoos, and Braan's history of participation in drug trafficking, as evinced by his underlying conviction. *See United States v. Carthen*, 681 F.3d 94, 100–01 (2d Cir.2012). Our review of the entire record does not reveal an abuse of discretion.

For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED.**

---

1. "We review *de novo* the district court's determination that [the defendant's] due process rights were not violated...." *United States v. Ramos*, 401 F.3d 111, 115 (2d Cir.2005). We also review its "balancing of the Rule 32.1 factors for abuse of discretion." *United States v. Williams*, 443 F.3d 35, 46 (2d Cir.2006).